# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY L. ALLEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WICHITA STATE UNIVERSITY, ) <br> *et al.*, ) <br> ) <br> Defendant. ) <br> ) | Case No. 18-1348-JTM-KGG |

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES,
## MOTION TO APPOINT COUNSEL, AND
## REPORT & RECOMMENDATION FOR DISMISSAL

In conjunction with his federal court Complaint (Doc. 1), Plaintiff Anthony L. Allen has also filed an Application to Proceed Without Prepaying Fees or Costs ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1). Plaintiff also filed a Motion to Appoint Counsel. (Doc. 4.) After review of Plaintiff's motions, as well as the Complaint, the Court **GRANTS** the IFP application (Doc. 3), **DENIES** his request for counsel (Doc. 4), and **recommends** Plaintiff's claims be **dismissed** for failure to state a viable federal cause of action.

1

## A. Motion to Proceed IFP.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). "Proceeding in forma pauperis in a civil case 'is a privilege, not a right – fundamental or otherwise.'" *Barnett v. Northwest School*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)). The decision to grant or deny in forma pauperis status lies within the sound discretion of the court. *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally*, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. See *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates he is 51 years old and single with no listed dependents. (Doc. 3, sealed, at 1-2.) Plaintiff is currently

unemployed and lists no prior employment. (*Id*., at 2-3.) Plaintiff owns no real property and does not own an automobile. (*Id*., at 3-4.) He lists no cash on hand and does not indicate that he receives government benefits. (*Id*., at 4.) Plaintiff lists no monthly expenses or other debts. (*Id*., at 5.)

The Court has concerns about the lack of information contained in Plaintiff's financial affidavit. Plaintiff lists no income, government benefits, or monetary gifts. He lists no employment, past or present. Plaintiff does not provide information regarding the most basic living expenses. For instance, based on the information provided, the Court has no indication as to how Plaintiff is even able to feed himself over the course of a month.

That stated, given the recommendation of dismissal to the District Court, *infra*, the Court sees no benefit to require Plaintiff to provide additional financial information. The Court finds that, based on the information provided, Plaintiff's access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. As such, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 3, sealed.)

**B.      Motion to Appoint Counsel.**

Plaintiff has also filed a motion requesting the appointment of counsel. (Doc. 4.) As an initial matter, the Court notes that there is no constitutional right to have counsel appointed in civil cases such as this one. ***Beaudry v. Corr. Corp. of***

*Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). **Commodity Futures Trading Comm'n v. Brockbank**, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." **Lyons v. Kyner**, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. **McCarthy v. Weinberg**, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); **Castner v. Colorado Springs Cablevision**, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

As discussed in Section A., *supra*, based on the information provided to the Court, Plaintiff's financial situation would make it impossible for him to afford

4

counsel. The second factor is Plaintiff's diligence in searching for counsel. Based on the information contained in the form motion, Plaintiff has been diligent, but unsuccessful, in attempting to secure legal representation. (Doc. 4.) As for the next factor, the Court has concerns regarding the viability of Plaintiff's claims in federal court, as discussed in Section C., *infra*. *See* **McCarthy**, 753 F.2d at 838-39 (10th Cir. 1985); **Castner**, 979 F.2d at 1421. The Court's analysis thus turns to the final factor, Plaintiff's capacity to prepare and present the case without the aid of counsel. **Castner**, 979 F.2d at 1420-21.

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this case are not unusually complex. *Cf.* **Kayhill v. Unified Govern. of Wyandotte**, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. Although Plaintiff is not trained as an attorney, and while an attorney might present this case more

effectively, this fact alone does not warrant appointment of counsel. As such, the Motion to Appoint Counsel (Doc. 4, sealed) is **DENIED**.

**C.     Sufficiency of Complaint and Recommendation for Dismissal.**

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding in forma pauperis, a court has a duty to review the complaint to ensure a proper balance between these competing interests." ***Mitchell v. Deseret Health Care Facility***, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." ***Harris v. Campbell***, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. ***Hall v. Bellmon***, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* ***Kay v. Bemis***, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all

well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff.  *See* ***Moore v. Guthrie***, 438 F.3d 1036, 1039 (10th Cir.2006).  The Court will also liberally construe the pleadings of a pro se plaintiff.  *See* ***Jackson v. Integra Inc.***, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff.  ***Hall***, 935 F.2d at 1110; *see also* ***Haines v. Kerner***, 404 U.S. 519, 92 S.Ct. 594 (1972).  Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." ***Hall***, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action."  ***Fisher v. Lynch***, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is

plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing Plaintiff's Complaint (Doc. 1) and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff alleges that he was "denied a right to a [sic] education for alleging [sic] violating the student code of conduct policy on or about the date of August 15, 2015[,] as a [sic] African American Student at Wichita State University." (Doc. 1-4, at 1.) Plaintiff contends that WSU administration did not follow its own

8

stated procedural protections for students facing long-term suspension or expulsion, in violation of his "constitutional right under the 14th Amendment equal protection of the laws… ." (*Id*., at 1, 2.)

Plaintiff filed his federal court Complaint on December 26, 2018. (Doc. 1.) Plaintiff states that the events alleged in the Complaint occurred in August 2015, more than three years before he filed the present lawsuit. He also indicates that he filed a "grievance" in 2015 with WSU regarding his expulsion. (Doc. 1-3, at 1.) An attachment to Plaintiff's Complaint, however, appears to indicate that the event resulting in Plaintiff's expulsion, a criminal trespass, occurred on March 27, 2014. (Doc. 1-5, at 4.) Further, Plaintiff's written request to the University "Appeals Committee" requesting his return to WSU is post-marked June 26, 2014. (Doc. 1-5, at 1-2.) A second letter from Plaintiff to WSU is also dated in 2014, while a third is dated February 8, 2015. (*Id.*, at 3, 4.)

Interpreting the facts in the light most-favorable to Plaintiff, the latest his claims arguably could have accrued is December 31, 2015. "No statute of limitations is expressly provided for civil rights claims brought under section 1983." *Garcia v. Wilson*, 731 F.2d 640, 642 (10th Cir. 1984). As such, the Court looks to the law of the forum state to determine the applicable limitations period. *Id*. In doing so, the Tenth Circuit has held "'that every section 1983 claim is in essence an action for injury to personal rights' and therefore apply the statute of

limitations for personal injury actions in the state where the claim accrued." ***Keith v. Koerner***, 843 F.3d 833 (10th Cir. 2016) (citations omitted).

Applying this rule in the present case, the relevant statute of limitations as to Plaintiff's claims, at the latest, would have expired in 2017. His claims were not raised until the filing of the present lawsuit on December 26, 2018. As such, Plaintiff's claims are futile because they are barred by the statute of limitations. "If the allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." ***Chance v. Zinke***, 898 F.3d 1025, 1034 (10th Cir. 2018) (ellipsis and internal quotation marks omitted).

The Court finds that Plaintiff's claims are futile because he has failed to state a claim for which relief can be granted under the facts alleged given the statute of limitations issue. The undersigned Magistrate Judge thus **recommends** to the District Court that Plaintiff's claims be **DISMISSED** in their entirety.

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (Doc. 4) is **DENIED**.

IT IS RECOMMENDED to the District Court that Plaintiff's Complaint be DISMISSED for the failure to state a claim on which relief may be granted. The Clerk's office shall not proceed to issue summons in this case.

IT IS THEREFORE ORDERED that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 3rd day of January, 2019.

S/ KENNETH G. GALE  
KENNETH G. GALE  
United States Magistrate Judge
